FILED
SUPERIOR COURT
OF GUAM

2023 JUN -6 PM 2:10

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0581-21** |
| | GPD Report No. 21-28301 |
| v. | |
| | **DECISION AND ORDER** |
| JOSE VALENZUELA AGUON, | **GRANTING DEFENDANT'S** |
| DOB: 01/20/1997 | **SECOND MOTION TO DISMISS** |
| | **THE INDICTMENT** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 28, 2023 for hearing on Jose Valenzuela Aguon's ("Defendant's") Second Motion to Dismiss the Indictment ("Motion"). Assistant Attorney General Yusuke Haffeman-Udagawa represents The People of Guam ("the People"), and F. Randall Cunliffe represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the Defendant's Motion.

## BACKGROUND

On December 2, 2021, Defendant was indicted on *Charge One*: Assault on a Peace Officer (as a 3rd Degree Felony). See Indictment (Dec. 2, 2021). Defendant allegedly kicked and slapped two uniformed medics from the Guam Fire Department (collectively the "Victims") while they were transporting Defendant following a car cash. Id.

On November 4, 2022, Defendant filed his Second Motion to Dismiss the Indictment. Defendant argued that no evidence was put before the grand jury indicating that the Victims were "peace officers", and therefore the grand jury could not have found reasonable cause to indict him on the felony offense. See Motion at 2-3 (Nov. 4, 2022).

Decision and Order Granting Defendant's Second Motion to Dismiss the Indictment
CF0581-21, *People of Guam v. Jose Aguon*
Page 1 of 2

The Court held a hearing on March 28, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

"The Grand Jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictment offense has been committed and that the defendant committed it." See 8 G.C. A. §50.54(b).

"An assault against a peace officer who is performing his official duties as a peace officer is a felony of the third degree if the perpetrator knew or should have known that the victim was a peace officer." See 9 G.C.A. §19.30(b)(1). Peace officers include "Fire Personnel when engaged in the enforcement of the Fire Prevention Code, all Arson Investigators, and those designated by the Fire Chief of the Guam Fire Department". See 8 G.C.A. §5.55(m).

There was no evidence put before the grand jury that the Victims were either actively enforcing the Fire Prevention Code or investigating arson when the alleged assault occurred. The indictment and evidence presented simply indicates the Victims were providing medical assistance following a car crash. Furthermore, no evidence was put forward that the Victims were designated peace officers by the Guam Fire Department's Fire Chief. With no evidence indicating the Victims to be peace officers under 8 G.C.A. §5.55(m), the indictment cannot stand.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendant's Motion. The case will be dismissed without prejudice.

**IT IS SO ORDERED** this ___June 6, 2023___



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Second Motion to Dismiss the Indictment
CF0581-21, *People of Guam v. Jose Aguon*
Page **2** of **2**